IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNIVERSAL ENVIRONMENTAL ENERGY CORP., <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> DONALD COX and CAPTIVE ENERGY, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER FINDING DEFENDANT COX IN CONTEMPT FOR VIOLATION OF COURT ORDER AND AWARDING DAMAGES AND ATTORNEY FEES AND COSTS <br><br><br><br><br><br> Case No. 2:03-CV-994 TS |

This matter came before the Court for hearing to determine damages for the violation of the Court's January 24, 2005 Order (Order).[1]

"To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order."[2]  "Civil contempt

---

[1] Docket No. 17.

[2] *Reliance Ins. Co. v. Mast Const. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998)

1

may be used 'to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance' with a court order."[3]  "[O]nce a plaintiff has established the elements of contempt by clear and convincing evidence, it need only prove damages by a preponderance of the evidence."[4]  A "finding of willfulness is not required to award attorney fees in a civil contempt proceeding."[5]

The Court finds the following by clear and convincing evidence: Defendant Cox violated paragraphs 2 and 3 of the Order.[6]

Violations of paragraphs 1 and 4 of the Order are not established by clear and convincing evidence.  While Defendant Cox remains president of Defendant Captive Energy, the evidence is that all of the company's assets were transferred to another individual prior to the entry of the Order.  There is no evidence that since the entry of the Order Defendants have been involved in the "tire gasification or vaporization business, directly or indirectly, including the manufacture, sale and/or distribution of the tire gasification/vaporization devices," in violation of paragraph 1 of the Order.  Further, the evidence is that Defendant Cox complied with paragraph 4 of the Order.

On the issue of damages for the violations of paragraphs 2 and 3 of the Order, Paragraph 2 required that Defendant Cox transfer the patent "warranting that said patent

---

[3] *Id.* at 1318 (quoting *O'Connor v. Midwest Pipe Fabrications, Inc.,* 972 F.2d 1204, 1211 (10th Cir. 1992)).

[4] *Id.*

[5] *John Zink Co. v. Zink*, 241 F.3d 1256, 1261-62 (10th Cir. 2001).

[6] This finding was made at a prior proceeding. *See* Docket No. 21 (minute entry of July 13, 2005 hearing on order to show cause).

is in good standing, with all assessments and charges paid, as of the date of the assignment." The evidence is that the patent is expired and has been worthless since 1998. There is no evidence as to what the value would have been had it been transferred with the warranty as required in paragraph 2. Thus, damages for the violation of paragraph 2 are not established. Therefore no damages will be awarded for Cox's violation of paragraph 2.

Paragraph 3 required that Defendant Cox "shall provide Universal with the tire gasification/vaporization unit within Cox's possession in working order within 60-days of the date hereof, including all existing drawings, specification and parts list for the unit." As noted, there was clear and convincing evidence that Cox failed to do so and therefore violated the Court's order. The Court finds by a preponderance of the evidence that the best measure of the amount necessary to compensate Plaintiff for injuries resulting from Cox's noncompliance with paragraph 3 of the Order is the manufacturing cost for the unit, $30,000.

The Court finds that an award of attorney fees and costs is warranted in this case in order to make Plaintiff whole for the injury caused by Cox's violation of the Court order. It is therefore

ORDERED that Defendant Donald Cox is in contempt of Court for the failure to comply with paragraphs 2 and 3 of the Court's January 24, 2005 Order. It is further

ORDERED that Defendant Donald Cox shall pay Plaintiff the amount of $30,000 as compensation for the injury to Plaintiff caused by such contempt. It is further

ORDERED that Defendant Donald Cox shall pay Plaintiff his attorney fees and costs incurred in connection with these contempt proceedings. The amount of the attorney fees shall be determined pursuant to DUCivR 54-2.

The clerk of court shall enter judgment in favor of Plaintiff and against Defendant Donald Cox in the amount of $30,000, plus attorney fees and costs incurred in connection with the contempt proceeding.

DATED  May 8, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge